**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

           **v.**

**No. 05-CR-353 (GLS)**

**DERYL THOMPSON,**

           **Defendant.**
_____

**APPEARANCES:**  **OF COUNSEL:**

**FOR THE UNITED STATES:**
HON. ANDREW T. BAXTER  TERRENCE M. KELLY
United States Attorney  Assistant U.S. Attorney
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207

**FOR THE DEFENDANT:**
HON. ALEX BUNIN
Office of the Federal Defender
39 North Pear Street, 5th Floor
Albany, New York 12207

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

Following his plea to a crack cocaine conspiracy involving more than 5 grams, Deryl Thompson was sentenced, *inter alia*, to 63 months

imprisonment.  He now moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence.  (*See* Thompson Motion, Dkt. No. 25.)  The government opposes.  (*See* Gov't Response, Dkt. No. 26.)  For the reasons that follow, Thompson's motion is denied.

At sentencing, the court found that Thompson's Guideline computation was an Offense Level 25, Criminal History IV, resulting in an advisory Guideline range of 84-105 months.[1]  As Thompson correctly observes, a subsequent amendment to the crack guidelines, *see* U.S.S.G. § 2D1.1(c), would retroactively reduce his Offense Level to 23 resulting in an advisory Guideline range of 70-87 months.  However, he had a predicate drug felony conviction resulting in a mandatory minimum sentence of 120 months.  As to the mandatory minimum, the government moved for a departure, *see* 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, based on Thompson's substantial assistance.  The court granted the motion, and evaluated Thompson's assistance as warranting a 5 level reduction in his Offense Level.  Consistent with the holdings of the majority of Circuits that have considered the issue, the court subtracted

---

[1] The original Guideline calculation in the Presentence Report ("PSR") placed Thompson's Offense Level at 27.  (*See* PSR ¶ 63.)  For reasons that are irrelevant to Thompson's motion, the court concurred with the parties' scoring arguments at sentencing and found that the Offense Level was 25.

2

Thompson's 5 level reduction from the lowest Guideline level containing a 120 month mandatory minimum - a level 27. Accordingly, the court subtracted the 5 levels from 27, and found that the appropriate substantial assistance calculation resulted in an Offense Level 22, Criminal History IV, with a corresponding advisory guideline range of 63-78 months. The court then sentenced Thompson to 63 months. Whether or not the underlying sentencing record is clear, the court now makes clear that the original crack guidelines played no role in the court's sentencing calculus. Specifically, the court did not consider the crack guidelines when determining the extent of the substantial assistance departure.

Given the court's explanation of the sentence imposed, this case falls squarely within Chief Judge Mordue's rationale for denying a similar motion, and the Second Circuit's affirmance of that decision. *See United States v. Lewis*, No. 01-cr-280, 2008 WL 545008 (N.D.N.Y. Feb. 26, 2008), *aff'd* 551 F.3d 182 (2d Cir. 2009).

Accordingly, and for the reasons stated herein and for the additional reasons recited in the Government's Response, Thompson's motion for a sentence reduction is **DENIED**.

**SO ORDERED.**

**Albany, New York**
**February 26, 2009**

*[signature]*
United States District Court Judge